

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Charles A. Theobald
County Attorney
Galveston County
Galveston, Texas

C-6353

Dear Mr. Theobald:

Opinion No. O-6353

Re: Construction of Section 91,
Article 8263e, Vernon's Annotated
Civil Statutes, regarding the or-
ganization of navigation districts.

You state the following facts as a basis for your re-
quest for the opinion of this department:

"On December 15th, 1944, the Commissioners'
Court of this County convened for the purpose of
hearing the proponents of a petition signed by
Ralph Cohen and 112 others, as well as the oppon-
ents of said petition, praying that a Navigation
District be established to be known as Galveston
County Navigation District No. 1. A certified
copy of said petition, the Notice of Hearing, and
the Order of the Commissioners' Court setting a
day for the hearing of the Petition being attach-
ed hereto and made a part hereof.

"During the proceedings on the hearing of the
petition which was apparently brought and prose-
cuted under Article 8263e, Vernon's Annotated Civil
Statutes, many questions of law and arguments arose
as to the proper construction and interpretation of
the various sections of said article, and the Com-
missioners Court of this County instructed me to
seek from your department your construction of the
sections of said article hereinafter named and com-
mented upon, and also requested that I secure from
your department a conference opinion construing
said sections.

"* * *.

. . . . . . . . IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Charles A. Theobald - page 2

"At the close of the hearing on the petition
the opponents filed a written motion praying that
the petition be dismissed for several reasons the
most important of which is that the petition is
fatally and legally insufficient in that it does
not state, as required by Section 91 of Article
8263-E, that it is the intention of the Petition-
ers to organize such District under and by virtue
of said Article 8263E nor does it state that the
Petitioners desire to organize such District under
the provisions of Chapter 5 of the Acts of the 39th
Legislature and Acts amendatory thereof (Article
8263-H and Statutes amendatory thereof. A copy of
said motion to dismiss being attached hereto and
made a part hereof."

Upon these facts you propound several questions, the
first of which is as follows:

"A careful reading of the petition filed to
form this Navigation District leads me to believe
that the petition for the formation of this Navi-
gation District does not state as provided by Sec-
tion 91 of Article 8263e whether the same is being
prayed for under and by virtue of Section 91 of
Article 8263e, or under and by virtue of Article
8263h.

"I would thank you to check this petition care-
fully, and if you are of the same opinion as I am
as stated above, then is it the opinion of your de-
partment that this petition is fatally defective,
and would the Commissioners' Court in that event
have jurisdiction to entertain the petition?"

We have carefully read the petition and are of the
opinion you have correctly interpreted it; that is, it does
not state whether the same is being presented under Article
8263e or Article 8263h.

Section 91 of Article 8263e is as follows:

"This Act is declared to be cumulative of all
other Acts now in force as to Navigation Districts
hereinafter to be organized; and in order to come
within the purview of this Act, the petition for
the organization of such districts hereafter to be

organized, shall state that it is the intention
of the petitioners to organize same under and by
virtue of this Act. In the event it is desired
to organize under the provisions of Chapter 5 of
the Acts of the 39th Legislature and Acts amenda-
tory thereof, then such petition shall so state,
and provisions of this Act shall not apply to
such district."

It is the opinion of this department the petition
is fatally defective, in that it does not comply with the
mandatory requirements of Section 91 in the particular men-
tioned, without which the Commissioners' Court is without
authority to entertain and act upon it.

It is always the petition that invokes the jurisdic-
tion of the court to act in such a matter, and without such
petition as complies, at least substantially, with Section 91,
there is nothing before the court authorizing it to act. The
petition, therefore, should have been dismissed upon the defect
being called to the court's attention.

Our answer to this question makes it unnecessary for
us to answer your other questions. They are immaterial.

                              Very truly yours

                         ATTORNEY GENERAL OF TEXAS

              By                    Ocie Speer
                                    Assistant

OS-MR

